IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 08-30099-02-MJR |
| WARRICK D. SCOTT, | ) | |
| Defendants, | ) | |

## MEMORANDUM and ORDER

REAGAN, District Judge:

**Background**

On March 31, 2010, judgment was entered against Defendant Warrick D. Scott, who pleaded guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Now before the Court is Defendant Scott's motion to withdraw his guilty plea (Doc. 176).

**Discussion**

Federal Rule of Criminal Procedure 11(d) states:

A defendant may withdraw a plea of guilty or nolo contendere:
   (1) Before the court accepts the plea, for any reason or no reason; or
   (2) After the court accepts the plea, but before it imposes sentence if:
      (A) the court rejects a plea agreement under Rule 11(c)(5); or
      (B) the defendant can show a fair and just reason for requesting the withdrawal.

**Fed.R.Crim.P. 11(d).**

1

Judgment was entered on March 31, 2010, and Scott's motion was filed on November 29, 2010--- making his motion time barred, because it was not filed before the Court imposed sentence. Nevertheless, even if a Rule 11(d) motion is denied a party may still seek to void the party's plea by collateral attack, pursuant to 28 U.S.C. § 2255. **See Castro v. United States, 540 U.S. 375, 381-382 (2003) (noting that federal courts sometimes ignore the label that a *pro se* litigant attaches to a pleading in order to place it in a different legal category).**

Section 2255 allows "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence … is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." **28 U.S.C. § 2255(a)**. Additionally, Section 2255(f) prescribes a time-frame within which a Section 2255 collateral attack may be made. Section 2255(f) states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. §2255(f)**

Clearly, a Section 2255 motion would be timely under Section 2255(f)(1) because the Defendant Scott's motion was filed less than a year after judgment of conviction became

2

final. However, This Court may re-characterize the instant Rule 11 action as one under Section 2255 only after, first, giving Scott notice that if he opts to have the Court construe his Rule 11 motion as a motion pursuant to Section 2255, any subsequent Section 2255 motion may be subjected to the restrictive conditions imposed by federal law on "second or successive" Section 2255 motions; and second, providing Scott an opportunity to withdraw or amend his pleading. ***Castro v. United States*, 540 U.S. 375, 377 (2003).** Accordingly, Scott is hereby notified of the following considerations.

As a practical matter, if Scott makes a motion for this Court to construe his Rule 11 motion as a collateral attack pursuant to Section 2255, any subsequent Section 2255 collateral attack will be subject to Section 2255(h).

Section 2255(h) provides:

> "a second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

**28 U.S.C. § 2255(h).** Put succinctly, under Section 2255(h), Scott only has one chance to proceed under Section 2255, *unless* he secures approval from the appropriate appellate court to file a successive Section 2255 motion. Therefore, if he opts to proceed under Section 2255, Scott will have to ensure that his motion comports with the requirements of Section 2255. Scott should give this matter careful consideration.

**IT IS THEREFORE ORDERED** that, to prevent an unduly harsh result, Defendant Scott shall have until **July 15, 2011**, to notify the Court how he would like to proceed. Scott has two options:

1. File a motion for the Court to proceed to rule on his Rule 11 motion to withdraw his guilty plea (Doc. 176), which will result in a final order being entered denying the Rule 11 motion as untimely; or

2. File a motion requesting that the Court construe his Rule 11 motion to withdraw his guilty plea (Doc. 176) as a motion pursuant to 28 U.S.C. § 2255.

If Scott opts to proceed under Section 2255, he may also move for leave to file an amended motion. A proposed amended motion in conformance with Section 225 should be submitted along with the motion seeking leave to amend.

Failure to meet the July 15, 2011, deadline as directed will result in the Court denying the Rule 11 motion as untimely.

Nothing in this Memorandum and Order, however, should be construed or interpreted as expressing an opinion as to the merits of any potential Section 2255 motion or, even, whether the action properly falls within the parameters of Section 2255.

**IT IS SO ORDERED.**

**DATED: June 29, 2011**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**