IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WARRICK SCOTT,

        Defendant.

Case No. 3:08-CR-30099-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Warrick Scott (Doc. 218). For the reasons set forth below, the Court denies the motion.

FACTUAL & PROCEDURAL BACKGROUND

Scott was charged in 2008 and entered a guilty plea in 2009 on five counts related to drug trafficking and possession of a firearm (Docs. 85, 115). Scott's Presentence Investigation Report indicated that Scott had an extensive criminal history, with multiple convictions related to drug trafficking, as well as a conviction for reckless homicide. Scott was ultimately sentenced to 360 months of imprisonment, six years of supervised release, a $500.00 special assessment fee, and a total fine of $850 (Doc. 116). Following appeal, Scott's term of imprisonment was reduced to 310 months, while the other terms of his sentence remained unchanged (Doc. 166).

On September 14, 2020, Scott filed a motion in this Court seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing the Covid-19 pandemic stating that he has medical conditions including cirrhosis of the liver, obesity and knee problems, which he

argues make him particularly susceptible to Covid-19 (Doc. 210). Scott further notes that he

did contract Covid-19 in June and was "bed-ridden for several weeks" but that he has since

recovered (*Id.*). Scott further claims that he has not been provided any treatment for his

underlying medical conditions (Doc. 210 at 2). This argument is contradicted by his prison

medical records, which indicate ongoing treatment for number of health issues over the

course of several years (Docs. 219-1, 219-2).

**ANALYSIS**

**I.      Motion for Compassionate Release**

*A. Applicable Law*

Under the First Step Act, inmates are authorized to bring their own motions for

compassionate release after first exhausting their administrative remedies with the Bureau of

Prisons. 18 U.S.C. § 3582(c)(1)(A). Certain courts have stated that in making such a motion, a

defendant should bear the burden of showing eligibility for a reduction in sentence. *E.g.*,

*United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352,

1356 (11th Cir. 2014).

A defendant may be eligible for compassionate release if the Court finds

"extraordinary and compelling reasons" to warrant a sentence reduction. 18 U.S.C.

§ 3582(c)(1)(A). The Court also must find that the requested sentence reduction is "consistent

with applicable policy statements issued by the Sentencing Commission." *Id.*

Congress has tasked the Sentencing Commission with compiling "what should be

considered extraordinary and compelling reasons for sentence reduction, including the

criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission has

specified that certain circumstances surrounding the inmate's medical condition, age, and

family situation will constitute extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13. The Sentencing Commission also gives the Director of the Federal Bureau of Prisons discretion to distinguish other grounds that could be extraordinary and compelling enough to merit a sentence reduction, either on their own or in combination with another listed condition. *See id.* at cmt. n.1(D).

Courts have in certain instances taken it upon themselves, however, to identify non-enumerated grounds constituting extraordinary and compelling reasons for compassionate release, even where the Bureau of Prisons has not done so. *See, e.g.*, *United States v. Halliburton*, 2020 U.S. Dist. LEXIS 102241 at 10 (finding extraordinary reasons where the defendant had underlying health problems in conjunction with the Covid-19 pandemic) (C.D. Ill.); *United States v. Coles*, 2020 U.S. Dist. LEXIS 72327 (C.D. Ill.); *United States v. Lewellen*, 2020 U.S. Dist. LEXIS 90195 at *8 (N.D. Ill.) (Noting court has joined "vast majority" of district courts in looking past "guideposts" of §1B1.13 criteria to construe what constitutes extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i)) (quoting *United States v. Cardena*, No. 09-CR-0332 (-11), slip op. at 6 (N.D. Ill. May 15, 2020) (ECF No. 1890)).

If an inmate can show that one of the eligibility criteria is applicable, the Court must then assess whether a reduction would be appropriate under the statutory sentencing factors described in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13. Lastly, the Court must determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

B. *Discussion*

The Court starts by noting that Scott does not satisfy any of the factual predicates listed by the Sentencing Commission as constituting "extraordinary and compelling reasons"

Page **3** of **4**

justifying compassionate release. Namely, he is not suffering from a terminal illness or other condition from which he is not expected to recover, he is under 65 years old, and he does not indicate any death or incapacitation in his immediate family.

In the unusual circumstances of the Covid-19 pandemic, courts have been willing in certain instances to look beyond the enumerated list of extraordinary and compelling reasons listed by the Sentencing Commission, particularly where underlying medical conditions make defendants particularly susceptible to Covid-19.

Here, Scott does appear to have certain health problems which might severely increase his vulnerability to Covid-19. Scott, however, has already contracted Covid-19. While there does appear to be at least a theoretical possibility that an individual might contract Covid-19 more than once, present research appears to indicate that it is unlikely. On the other hand, the nature of the acts for which Scott is currently incarcerated and his extensive criminal history lead the Court to conclude Scott may still constitute a danger to the community and that it cannot justify compassionate release in this case.

## CONCLUSION

For these reasons, the Motion for Compassionate Relief (Doc. 218) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   October 19, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**